## TRUSTEES OF MARTIN INSTITUTE *v.* MADDOX *et al.*

A bequest as follows: "I give to the trustees of the Jefferson Academy and their successors in office one hundred and fifty shares of my railroad and bank stock," is a gift to the trustees of that educational institution; and although it is made to appear that the corporate name of the institution intended by the testator is a private educational corporation known as the "Trustees of the Jackson County Academy," which is located in the City of Jefferson, it does not follow that the bequest is to such institution in trust for the citizens of Jackson County, so as to authorize them to· interfere in the administration of such fund by the trustees.

FEBRUARY 25, 1913.

Equitable petition. Before Judge Brand. Jackson superior court. September 6, 1911.

*J. S. Ayers,* for plaintiffs in error. *W. W. Stark,* contra.

BECK, J. The controlling question is whether citizens of Jackson County, residing beyond the limits of the City of Jefferson, have such a direct interest in the bequest of W. D. Martin to the trustees of the Jefferson Academy as to require the trustees of that academy, now known as Martin Institute, to extend the benefits of the benefaction alike to all citizens of the county. It appears from the record that by an act of the General Assembly, approved November 20, 1818, certain persons were incorporated as trustees of the Jackson County Academy, with power of succession and with power to receive donations. No grant or bounty was given by the State in the act of incorporation, and the academy was supported in the main, if not wholly, by tuition fees. In April, 1854, the will of W. D. Martin was duly probated, the second item of which is as follows: "I give to the trustees of the Jefferson Academy and their successors in office one hundred and fifty shares of my railroad and bank stock." In 1859 an act was passed by the General Assembly, which, after reciting in the preamble that the Jefferson Academy and the Academy of Jackson County were identical, and that no regular books were kept by the board of

trustees so as to determine whether there are any regular successors
to the trustees appointed under the act of November 20, 1818, en-
acted that the trustees of Jackson County Academy (naming them)
and their successors be incorporated under the name and style of
the trustees of Martin Institute, and that the institution shall no
longer be known as the Jackson County Academy, but shall here-
after be known as Martin Institute. The trustees were authorized
to accept the Martin bequest and any other bequest or donation.

On the petition of the trustees of Martin Institute an order
was granted at a special term of the superior court of Jackson
County, held in May, 1899, amending the charter of Martin In-
stitute. By the amendment the trustees were empowered to sell the
stock donated by W. D. Martin, and reinvest the proceeds in prop-
erty or other stocks and bonds. They were also empowered in their
discretion to adopt such measures and pursue such policy in the
management and control of the school, its property, and funds as
will insure the pupils free tuition. The trustees sold the Martin
stock for $31,000, and invested the proceeds in stock of the Jeffer-
son Cotton Mill, which yields annually $1,650, and this income is
expended in the operation of the school. In 1887 the City of
Jefferson issued $5,000 in bonds, the proceeds of which were used
in the construction of a school building for Martin Institute. In
1900 the City of Jefferson issued additional bonds in the sum of
$5,000, which were sold and the proceeds invested in stock of the
Jefferson Cotton Mill, and turned over to the trustees as an en-
dowment; and the annual income ($300) is applied to the support
of Martin Institute. About the year 1909 the trustees adopted the
policy of extending free tuition to pupils residing in the City of
Jefferson for the full scholastic year of nine months; but to pupils
residing outside of the city and in the county of Jackson free
tuition is extended for five months, and a fee of one dollar per
month for each pupil is exacted for the remainder of the term.
The plaintiffs are residents of Jackson County, but do not live in
the City of Jefferson, whose children are attending Martin In-
stitute; and they pray a decree that they have the same rights and
benefits in and to the Martin fund as those residing within the
limits of the City of Jefferson, and that the trustees be enjoined
from exacting tuition fees of them so long as free tuition is given
to the pupils residing in the City of Jefferson.

The academy of Jackson County, of which Martin Institute is the successor, was a private institution. The act of incorporation simply established a legal entity capable of receiving donations. No duties were imposed on the corporation; and no endowment was given by the State. It was in no sense a public corporation. *Cleaveland* v. *Stewart*, 3 *Ga.* 291. By the second item of Mr. Martin's will a bequest of certain stock was given to the trustees of this institution, without restriction as to its use. The trustees were given plenary power over this bequest; they could use it in the construction of buildings, the payment of teachers, or in any way promotive of the general design of the academy. Mr. Martin's generosity was not to the pupils of school age in the County of Jackson, but to a chartered educational institution. This institution was managed by trustees, and his benefaction was to them, to be employed in the management and operation of the academy. *Cumming* v. *Trustees of Reid Memorial Church*, 64 *Ga.* 105. No express trust was created for the citizens of Jackson County, and the terse and positive words of the will admit of no such implication. The plaintiffs have no financial interest in the Martin fund, and therefore have no right to interfere with the discretion of the trustees in their use of it in the management and operation of the school.        *Judgment reversed. All the Justices concur.*